# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs at April 28, 2010

## STATE OF TENNESSEE v. RODNEY NORTHERN

**Appeal from the Criminal Court for Cocke County**
**No. 1217      Rex Henry Ogle, Judge**

---

**No. E2009-01969-CCA-R3-CD - Filed July 21, 2010**

---

JOSEPH M. TIPTON, P.J., dissenting

I respectfully disagree with the majority opinion's dismissal of this appeal for lack of jurisdiction. I believe the record contains final orders addressing all issues in the trial court, and I do not believe the failure to place all of the orders in a single judgment document bars our reviewing the restitution issue in this appeal.

The Tennessee Supreme Court has provided a judgment document form to be used by courts of record in criminal cases. See Tenn. Sup. Ct. R. 17. This is in accord with statutory specification of the particulars to be included in the "uniform judgment document." T.C.A. § 40-35-209(e), (f) (2006).

The record before us contains a judgment document that is complete, save the need to state the restitution to be paid. The majority opinion deems this to be just an "order" in effect. Perhaps so, but another order was entered that awards the victim $10,500 in restitution from the defendant. The majority opinion finds this order flawed because it sets out only the restitution amount but not the schedule of or amount of payments. I believe, however, that the order is no less final, even though it is flawed. A review and remand may be needed, but not a dismissal. Thus, all that is required to be included in the judgment of conviction is covered by the court orders in this case. In this regard, I believe that the fact that the trial court failed to comply fully with the judgment requirements of Rule 17 does not leave us without jurisdiction to decide his appeal. These orders are no less "final" than if their contents were all in one judgment of conviction, regardless of whether they referred to each other.

The majority opinion also criticizes the process used in the trial court by stating that

the plea agreement did not include the restitution amount or payment schedule as required when the agreement "preempts" a sentencing hearing.  See T.C.A. § 40-35-304(g)(1).  I submit, though, that the majority opinion takes too narrow a view of what constitutes a "sentencing hearing."  The fact that the length and service of the time imposed were agreed did not mean that the determination of the amount of restitution did not occur at a sentencing hearing.  I do not believe that the mandates of section 40-35-304(g)(1) come into play in this case.

The Defendant's sole complaint is that the amount of restitution awarded was not supported by the evidence.  The simple answer is that the amount was based on the testimony of the victim.  The victim testified that he bought the 2001 Jeep Wrangler in November 2007 for around $12,500 to $12,800, that the Jeep was stolen in late February 2008, that it had been greatly altered after it was stolen, and that he bought it back from the finance company for $1,300 after it was recovered.  He said he had it towed for $413.40.  He had receipts for the repurchase and the tow.  The trial court was entitled to accredit the victim's testimony.

On the other hand, I agree that the trial court erred in not setting the payment schedule and leaving it to the probation officer.  The case should be remanded for the trial court to determine an appropriate payment schedule and to enter a proper judgment of conviction.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE